Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| J.L. SENTINEL GROUP, LLC SENTINEL GROUP, LLC, JORGE LUIS ANDÚJAR RIVERA PETICIONARIOS | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| v. | KLCE202400606 | Caso Núm. SJ2023CV02216 |
| TOMMY RUDY HABIBE ARRIAS, FULANO DE TAL, COMPAÑÍAS DE SEGUROS X Y OTROS RECURRIDOS | | Sobre: Cobro de dinero - Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

### I.

El 30 de mayo de 2024, J. L. Sentinel Group, LLC y Jorge Luis Andújar Rivera (Sentinel o peticionarios) presentaron un recurso de *certiorari* en el que solicitaron que revoquemos una *Sentencia parcial nunc pro tunc* emitida por el Tribunal de Primera Instancia, Sala Superior del San Juan (TPI o foro primario) el 28 de febrero de 2024, notificada y archivada en autos el 29 de febrero de 2024.[1]

En el dictamen, el TPI enmendó una *Sentencia* dictada el 3 de enero de 2024, notificada y archivada ese mismo día para convertirla en una sentencia parcial, según lo establecido en la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V. R. 42.3. En la *Sentencia*, el foro primario desestimó la causa de acción al amparo de la Regla 39.2 (a)(b) de Procedimiento Civil, *supra*, R.39.2(a)(b). En su segundo dictamen añadió el lenguaje requerido por la mencionada regla de

---

[1] Apéndice del *Recurso de certiorari*, Anejo 11, pág. 27-28.

Procedimiento Civil para darle finalidad en cuanto a la controversia adjudicada.

El 11 de junio de 2024, emitimos una *Resolución* en la que le concedimos un término de diez (10) días a los recurridos para que expusieran su posición sobre los méritos del recurso.

El 25 de junio de 2024, la parte recurrida presentó una *Moción en cumplimiento de orden* en la que nos solicitó que se desestime el recurso de epígrafe por ser presentado fuera de término y sostengamos la *Sentencia* del 3 de enero de 2024 que, por contener un error de forma, fue enmendada *Nunc pro tunc* el 28 de febrero de 2024.

El 28 de junio de 2024, la parte peticionaria presentó una *Moción para que se tenga por sometido sin oposición el recurso de certiorari de epígrafe* y solicitó que se dé por sometida, sin oposición, la petición de *certiorari* de epígrafe, toda vez que la parte recurrida presentó su escrito un (1) día después de vencer el término concedido.

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso, y en adelante, pormenorizamos los hechos atinentes al trámite procesal del caso.

**II.**

El caso de marras tuvo su génesis el 10 de marzo de 2023, cuando los peticionarios radicaron una *Demanda* sobre cobro de dinero. [2] Según la reclamación, las partes habían contratado entre sí para que Sentinel representara al señor Tommy Rudy Habibe Arias (parte recurrida) ante el Departamento de Hacienda del Estado Libre Asociado de Puerto Rico con el propósito de negociar el ajuste y reducción de una Sentencia en cobro de dinero por concepto de contribuciones adeudadas al erario. El 2 de enero de 2023, Sentinel

---

[2] *Íd.*, Anejo 1, págs. 1-10.

notificó por correo electrónico a los recurridos la factura por los servicios profesionales prestados por la suma de doscientos trece mil doscientos cincuenta dólares ($213,250.00) de conformidad al contrato otorgado por las partes. La parte peticionaria realizó gestiones dirigidas al cobro de dinero adeudado sin éxito. De igual forma, se solicitó el pago de honorarios de abogados, costas e intereses.

El 6 de junio de 2023, la parte recurrida presentó *Contestación a demanda*[3] en la que se alegó *inter alia,* que la recurrida contrató los servicios de JL Sentinel Group LLC y no contrató con José Luis Andújar Rivera.   La parte recurrida recibió el documento denominado Factura de parte de Sentinel Group LLC., sin embargo, el total reclamado no coincide con las horas facturadas al cargo por hora indicado.  La recurrida no se ha negado a cumplir con el pago de lo pactado de conformidad con el contrato, el cual dispone que se efectuará el pago si se logra un ajuste que no exceda de trescientos mil dólares ($300,000.00).  La parte demandante no ha provisto evidencia de la reducción de contribuciones adeudadas, por lo que entienden que es improcedente el pago requerido. En la demanda no se incluye el pago realizado por la recurrida a Sentinel por la cantidad de sesenta y tres mil dólares ($63,000.00). El contrato suscrito por las partes establece que pudieran facturar los servicios prestados cuando se dé por terminado el contrato de conformidad a la Cuarta Cláusula y cuando ha concluido el servicio y/o habiendo alcanzado el ajuste esperado según lo indica la Segunda Cláusula del contrato. Debido a que Sentinel no proveyó toda la evidencia de las labores realizadas, tiempo y recursos invertidos, según lo requerido por la parte recurrida, el caso no estaba maduro para ser presentado ante el TPI.

---

[3] Íd., Anejo 2, págs. 11-17.

Del mismo modo, en la *Contestación a la demanda* la parte recurrida presentó varias defensas afirmativas y una *Reconvención* en la que solicitó que se le devuelva la suma de sesenta y tres mil dólares ($63,000.00) y se le conceda una suma no menor de cuatrocientos mil dólares ($400,000.00) por los daños y perjuicios alegadamente causados.

El 8 de junio de 2023, notificada el 10 de junio de 2023, el TPI dictó una *Orden*[4] en la que se tomó conocimiento de la *Contestación a la demanda.*

El 3 de enero de 2024, el TPI emitió una *Sentencia*[5] desestimando sin perjuicio el caso de epígrafe por falta de cumplimiento de la parte peticionaria al amparo de la Regla 39.2 de Procedimiento Civil, *supra,* R.39(a)(b).

El 16 de enero de 2024, la parte recurrida presentó en el TPI *Moción en solicitud de reconsideración y/o aclaración*[6] en la que solicitaron reconsideración y/o aclaración para que se indique la continuación de los procedimientos en virtud de la reclamación presentada en la *Reconvención.*

El 15 de febrero de 2024, el TPI emitió una *Orden*[7] en relación con la *Moción en solicitud de reconsideración y/o aclaración* en la que tomó conocimiento y dio el asunto por sometido para la determinación correspondiente, una vez transcurra el término para que la peticionaria exponga su posición.

En esa misma fecha, el TPI emitió una segunda *Orden*[8] relacionada con la *Moción en solicitud de reconsideración y/o aclaración* en la que le solicitó a la parte recurrida que informara su intención de continuar con la causa de acción presentada por vía de reconvención o si desistía sin perjuicio a razón de la sentencia

---

[4] Íd., Anejo 3, pág. 18.
[5] Íd., Anejo 4, págs. 19-20.
[6] Íd., Anejo 5, pág. 21
[7] Íd., Anejo 6, pág. 22
[8] Íd., Anejo 7, pág. 23

dictada. El TPI le concedió un término de 20 días para cumplir con lo ordenado.

El 26 de febrero de 2024, la parte recurrida presentó *Moción en cumplimiento de orden* y expresó su interés en la continuación de los procesos y en que se señale vista en sus méritos.[9]

El 26 de febrero de 2024, el TPI emitió una *Orden* en la que le concedió a la peticionaria hasta el 18 de marzo de 2024, para que compareciera mediante representación legal, cumpliera con el pago de sanciones impuestas y contestara la reconvención presentada por la parte recurrida.[10]

En esa misma fecha, el TPI emitió una *Orden* en la que tomó conocimiento y ordenó la continuación de los procedimientos en cuanto a la reconvención presentada por la parte recurrida.[11] Ambas notificaciones fueron devueltas.[12]

El 28 de febrero de 2024, el TPI emitió una *Sentencia Parcial Nunc Pro Tunc[13]* (sentencia enmendada), notificada el 29 de febrero de 2024, que enmendó la Sentencia emitida el 3 de enero de 2024. El TPI ordenó la desestimación sin perjuicio de la causa de acción del caso de epígrafe, al amparo de la Regla 39.2 de Procedimiento Civil, *supra*, R. 39.2 (a)(b). Asimismo, en esta ocasión, ordenó que se registre la sentencia parcial conforme lo dispuesto en la Regla 46 de las de Procedimiento Civil, *supra,* R. 46, siendo la misma final para todos los fines en cuanto a las controversias adjudicadas y la continuación de los procedimientos en torno a la reconvención presentada por la parte recurrida.

El 15 de marzo de 2024, la parte peticionaria presentó una *Moción de reconsideración y otros extremos[14]* en la que le solicitó al

---

[9] Íd., Anejo 8 pág. 24.
[10] Íd., Anejo 9, pág. 25.
[11] Íd., Anejo 10, pág. 26.
[12] Íd., Anejo 12, págs. 29-30. La dirección a la que se enviaron las notificaciones es la que surge del propio expediente ante el TPI.
[13] Íd., Anejo 11, págs. 27-28.
[14] Íd., Anejo 13, págs. 31-34.

TPI que no desestimara el caso de epígrafe en pro de la economía procesal, tomara conocimiento de que la parte peticionaria no había actuado con desidia ni se le había impuesto sanciones menores en el pasado y que señalase una vista de transacción.

Ese mismo día, el TPI emitió una *Resolución*[15] en la que declaró No ha lugar la *Moción de reconsideración y otros extremos* por ser presentada fuera de término. Resolvió que la *Sentencia* advino final y firme. El TPI señaló que la única causa de acción pendiente era la presentada por la parte recurrida por vía de reconvención. Se le concedió a la parte peticionaria hasta el 15 de abril de 2024 para que presentara contestación a la reconvención.

Inconforme, la peticionaria presentó una *Moción solicitando aclaración de resolución del 15 de marzo de 2024 y reiterando moción de reconsideración*[16] en la que alegó, entre otras cosas, lo siguiente:

> (1) La Reconsideración fue presentada en tiempo toda vez que el TPI emitió y notificó una *Sentencia parcial nunc pro tunc* mediante la cual enmendó su determinación inicial y ordenó la continuación de los procedimientos relacionados a la reconvención presentada por la parte recurrida.
> (2) La *Sentencia parcial nunc pro tunc* afectó los derechos sustantivos de la peticionaria, por lo que, los términos para recurrir al foro apelativo comenzaron a de cursar a partir de la notificación de la sentencia enmendada.
> (3) La reconsideración fue presentada en tiempo y oportunamente.

Por lo que, solicitó al TPI que reconsidere su dictamen y declare Ha lugar la moción y se sirva de conceder los remedios solicitados.

El 19 de abril de 2024, la parte peticionaria presentó *Contestación a reconvención*[17] en la que presentó sus alegaciones, y defensas sobre el caso y negó responsabilidad por los hechos consignados en la reconvención.

Por lo que, solicitó al TPI que declarase Ha lugar la *Oposición a Reconvención* y relevara a la parte peticionaria de las sentencias dictadas por el TPI por razón de nulidad absoluta conforme a la

---

[15] Íd., Anejo 14, págs. 35-36
[16] Íd., Anejo 11, págs. 37-39
[17] Íd., Anejo 16, págs. 40-55

Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. De igual forma, solicitó que se ordene a la parte recurrida a resarcir a la parte peticionaria la cantidad de $400,000.00 en concepto de daños y perjuicios, a pagar la cantidad de $213,250.00 que adeuda por servicios profesionales y gastos, honorarios y costas.

El 30 de abril de 2024, el TPI emitió una Resolución[18] en la que dispuso que la *Sentencia parcial nunc pro tunc* se emitió a los únicos efectos de aclarar que la *Sentencia* que se dictó el 3 de enero de 2024 era parcial, debido a que en el momento de dictar la sentencia obvió que estaba pendiente una reconvención.

Inconforme con la denegatoria del foro recurrido, el 30 de mayo de 2024, la parte recurrente presentó una *Petición de certiorari* en la que solicitó que se reconsidere y se deje sin efecto la *Resolución* dictada y emitida por el TPI el 30 de abril de 2024. Formuló los siguientes señalamientos de error:

> Erró y abusó de su discreción el foro de instancia al emitir su *Sentencia nunc pro tunc* del 28 de febrero de 2024 para enmendar sustantivamente su sentencia del 3 de enero de 2024, lo cual resulta incompatible con la naturaleza y alcance de una *Sentencia nunc pro tunc*. Erró y abusó de su discreción el foro de instancia al no reconocer que la *Solicitud de reconsideración y/o aclaración* del 16 de enero de 2024 de la parte recurrida no ha sido resuelta por lo que la *Sentencia* del 3 de enero de 2024 no es final y firme.

> Erró y abusó de su discreción el foro de instancia al emitir su resolución del 30 de abril de 2024 para reiterar la procedencia de su *Sentencia nunc pro tunc* del 28 de febrero de 2024 aduciendo que la misma tuvo el efecto de aclarar que su sentencia es parcial porque había omitido la reconvención de la parte recurrida y omite que tanto su *Sentencia* del 3 de enero de 2024, así como su *Sentencia parcial nunc pro tunc* no fueron notificadas a la parte recurrente viciando de nulidad absoluta dichas sentencias y permitiendo el relevo de las mismas de la parte recurrente conforme la regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 49.2.

Por lo que alegó que la *Sentencia parcial nunc pro tunc* del 28 de febrero de 2024 enmendó sustantivamente la *Sentencia* del 3 de enero de 2024, actuación incompatible con la naturaleza y alcance de una sentencia nunc pro tunc. La *Solicitud de reconsideración y/o*

---

[18] Íd., Anejo 17, pág. 56

*aclaración* no ha sido resuelta por lo que la Sentencia del 3 de enero de 2024 no advino final ni firme. Argumentó que tanto la *Sentencia del 3 de enero de 2024* como la *Sentencia parcial nunc pro tunc* no fueron notificadas adecuadamente a la parte recurrente provocando su nulidad absoluta y el relevo de las sentencias conforme a la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2.

El 11 de junio de 2024, emitimos una *Resolución* en la que le concedimos un término de 10 días a la parte recurrida para que se expresara en relación con el recurso de *certiorari* presentado por la parte peticionaria.

El 25 de junio de 2024, la parte recurrida presentó *Moción en cumplimiento de orden* en la que alegó, entre otras cosas, lo siguiente: la Sentencia del 3 de enero de 2024, al no incluir la disposición para continuar los procedimientos relacionados a la Reconvención presentada por la parte recurrida contenía un error de forma subsanable conforme la Regla 49.1 de Procedimiento Civil, *supra*, R. 49.1. Además, la Moción de Reconsideración presentada por la parte peticionaria fue rechazada de plano por lo que no interrumpió el término. Argumentó que el TPI no abusó de su discreción al enmendar la sentencia por haber omitido la existencia de una reconvención que representaba una reclamación independiente a la demanda y la cual tiene méritos. Las decisiones, resoluciones, órdenes o sentencias que emitió el TPI se notifican a la última dirección que obra en el expediente. Además expuso que la enmienda que provocó la *Sentencia parcial nunc pro tunc* no afectó el resultado del caso de epígrafe porque el mismo fue desestimado por la incomparecencia e incumplimiento del peticionario con las órdenes del TPI. El foro apelativo carece de jurisdicción para atender el recurso de epígrafe porque fue presentado de manera tardía.

La parte recurrida solicitó que se desestime el recurso de *certiorari* de epígrafe presentado y se sostenga la *Sentencia* emitida

y dictada por el TPI el 3 de enero de 2024 y enmendada *nunc pro tunc* el 28 de febrero de 2024.

El 28 de junio de 2024, la parte peticionaria presentó una *Moción para que se tenga por sometido sin oposición el recurso de certiorari de epígrafe* en la que alegó que la parte recurrida no presentó su oposición al auto de certiorari dentro del término dispuesto por este Honorable Tribunal ni solicitó prórroga a esos efectos.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. **Medina Nazario v. McNeil Healthcare LLC**, 194 DPR 723, 728 (2016). Véase, además, **IG Builders et al v. BBVAPR**, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. **Rivera Figueroa v. Joe's European Shop**, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,[19] establece las instancias en las que le foro revisor posee autoridad

---

[19] Esta Regla dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorar*i que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construcción, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. [20]

**B.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, permite que un demandado solicite al tribunal la desestimación de la demanda presentada en su contra por los siguientes fundamentos:

---

[20] Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

(1) falta de jurisdicción sobre la materia o persona, (2) insuficiencia del emplazamiento o de su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio y (4) dejar de acumular una parte indispensable. ***Colón Rivera, et al., v. ELA***, 189 DPR 1033, 1049 (2013). Para que proceda una moción de desestimación, debe demostrarse "de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". ***Ortiz Matías, et al., v. Mora Development Corp.,*** 187 DPR 649, 654 (2013).

### C.

La Regla 39.2 (b) de Procedimiento Civil, *supra,* R. 39.2 (b), establece que el tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Asimismo, en ***HRS Erase Inc. v. Centro Médico del Turabo,*** 205 DPR 689, 708 (2020), el tribunal expresó "las Reglas 34.3(b)(3) y 39.2(a) de Procedimiento Civil de 2009, exigen que, previo a la imposición de una sanción como la eliminación de las alegaciones, se notifique y aperciba directamente a la parte".

### D.

La Regla 42.3 de Procedimiento Civil, *supra,* R. 42.3, dispone que cuando un pleito comprenda más de una reclamación, ya sea por demanda o reconvención, el tribunal podrá dictar sentencia parcial en cuanto a una o más de las reclamaciones sin disponer de la totalidad del pleito "siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia". Como norma

general, nuestro ordenamiento procesal civil requiere que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma. Esta regla tiene el propósito de evitar la posible injusticia que causa una dilación en emitir la sentencia sobre una reclamación distintamente diferenciada de las otras o en cuatro o menos partes del total de litigantes prolongando la adjudicación total respecto a todas las reclamaciones o todas las partes. R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed., San Juan, Lexis Nexis de Puerto Rico, 2017, págs. 424-425.

A esos efectos, la Regla 42.2 de Procedimiento Civil, *supra,* R. 42.2, establece que, en todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda.

**E.**

La Regla 49.1 de Procedimiento Civil, supra, R. 49.1 dispone que los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión, podrán corregirse por el tribunal mediante una enmienda nunc pro tunc en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordena. El Tribunal Supremo ha reiterado que las enmiendas encaminadas a corregir este tipo de error son de naturaleza nunc pro tunc es decir, que se retrotraen a la fecha de la sentencia o resolución original.Vease, **Security Ins. Co. V. Tribunal Superior**, 101 DPR 191, 202 (1973).

Las enmiendas nunc pro tunc deberán estar sostenidas por el expediente del tribunal y no podrán menoscabar los derechos ya adquiridos por cada litigante cuando ha transcurrido en exceso el término dispuesto para apelar o solicitar revisión. Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho*

*Procesal Civil*, 6ta ed., San Juan, Lexis Nexis de Puerto Rico, 2017, págs. 464-465; Cuevas Segarra, *op. cit.*, pág. 781. En **Otero Velez v. Schroder Muñoz**, 200 DPR 76 (2018) el tribunal resolvió que "no procede una enmienda nunc pro tunc para corregir errores de derecho, por afectar derechos sustantivos de las partes. El criterio rector es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia". Entre los errores de forma más comunes se encuentran los errores clericales u oficinescos, los errores mecanográficos, los errores en nombres de personas, lugares, fechas, números o cifras. Véanse, además, **Velez Seguinot v. AAA**, 164 DPR 792-793 (2005); Hernández Colón, *op. cit.*, pág. 465.

### IV.

En el caso de marras, el TPI emitió una *Sentencia* el 3 de enero de 2024, en la que desestimó sin perjuicio la causa de acción del caso de epígrafe, al amparo de la Regla 39.2 de Procedimiento Civil, *supra*. El 28 de febrero de 2024, el TPI emitió una *Sentencia parcial nunc pro tunc* mediante la cual enmendó la *Sentencia* del 3 de enero de 2024 con el fin de añadir el vocabulario de la Regla 42.3 de Procedimiento Civil, *supra*, para darle finalidad a la controversia adjudicada y ordenar la continuación de los procedimientos en cuanto a la *Reconvención* presentada por la parte recurrida.

En desacuerdo, la parte peticionaria presentó un recurso de *certiorari* en el que argumentó que el TPI erró al emitir una *Sentencia parcial nunc pro tunc* para enmendar sustantivamente la *Sentencia* del 3 de enero de 2024.

Entretanto, en apoyo a la determinación del TPI, los recurridos arguyen que la *Sentencia* del 3 de enero de 2024, presentaba un error de forma al no contener la disposición para continuar con los procedimientos de la *Reconvención*. En consecuencia, la *Sentencia*

*parcial nunc pro tunc* corrigió el error de forma y en ninguna manera enmendó la *Sentencia* dictada por el TPI.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que el TPI aún cuando actuó correctamente al enmendar la *Sentencia* para añadir el lenguaje de la Regla 42.3 de Procedimiento Civil, *supra*, y así darle efectividad real a la desestimación decretada, erró al utilizar el mecanismo *nunc pro tunc*, ya que, al hacerlo de esa manera privó a la parte peticionaria de su derecho de apelar.

Adviértase que a tenor con lo resuelto por el foro recurrido la sentencia no podía ser apelada antes de ser enmendada (por no contener el lenguaje exigido por la Regla 42.3 de Procedimiento Civil, *supra*) ni tampoco podría ser apelada después de ser enmendada, porque ya el término habría expirado, al añadirle el efecto nunc pro tunc. Por lo que, procede modificar la determinación recurrida.

Resolvemos que el convertir una sentencia de no apelable a poder ser apelable no es un asunto de forma u oficinesco que se pueda resolver con incluir las palabras nunc pro tunc. A tenor con lo anterior, resolvemos modificar la sentencia parcial a los efectos de eliminar el carácter nunc pro tunc y devolver al TPI para que resuelva la reconsideración que fue presentada.

Nada de lo aquí resuelto adelanta criterio sobre la corrección sustantiva de lo actuado por el TPI al desestimar la demanda, asunto pendiente a resolver por dicho foro en la reconsideración presentada.

## V.

Por los fundamentos precedentemente expuestos, se expide el auto de *certiorari* y se modifica la determinación recurrida a los efectos de eliminar el carácter nunc pro tunc y se deja sin efecto la Resolución del 15 de marzo de 2024, mediante la cual se denegó la moción de reconsideración de los peticionarios.

Se devuelve el caso ante el foro de primera instancia para que proceda conforme a lo aquí resuelto y resuelva la reconsideración presentada.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones